# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICTOR LAMAR FANTROYAL,

      Plaintiff,

v.

WALMART and MARINETTE
POLICE DEPARTMENT,

      Defendants.

Case No. 25-CV-257-JPS

**ORDER**

  Plaintiff Victor Lamar Fantroyal, an inmate confined at Chippewa Valley Correctional Treatment Facility, filed a pro se complaint under 42 U.S.C. § 1983 alleging that his rights were violated. ECF No. 1. On April 24, 2025, Plaintiff filed a motion for summary judgment. ECF No. 9. The Court will deny this motion because it is premature; the Court has not screened the complaint yet and no defendants have been served at this juncture. The remainder of this Order screens Plaintiff's complaint and resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and motion to reduce the initial partial filing fee ("IPFF").

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

  The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing

fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

Following extensions, the Court ordered Plaintiff to pay an IPFF of $32.63. ECF No. 14. Plaintiff paid that fee on June 6, 2025. The Court will therefore deny as moot Plaintiff's motion to reduce the IPFF. ECF No. 15. The Court will also grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. SCREENING THE COMPLAINT

    2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2   Plaintiff's Allegations

Plaintiff names the Marinette Police Department and Walmart as defendants. ECF No. 1 at 1–2. On September 1, 2023, Marinette police pulled Plaintiff over to question him about a retail theft. *Id.* at 2. During this interaction, law enforcement contacted Suzanne Rybak with loss prevention at Walmart. Ms. Rybak told the officers that Plaintiff had been in Walmart on August 29, 2023, and that he took merchandise. The police therefore arrested him for felony retail theft. *Id.* at 3. Later, Plaintiff's attorney received a video in discovery that proved Plaintiff was not guilty. *Id.* It took 361 days for Plaintiff's case to be dismissed on September 25, 2024. *Id.* Plaintiff is a contractor from Georgia and lost his job as a result of his arrest. *Id.*

### 2.3   Analysis

First, the Court finds that Plaintiff may not proceed on a Fourth Amendment claim. The Fourth Amendment guarantees the right of the people "to be secure in their persons, houses, papers, and effects against

Page 3 of 9
Case 2:25-cv-00257-JPS    Filed 08/05/25    Page 3 of 9    Document 16

unreasonable searches and seizures" and provides that "no warrants shall issue but upon probable cause . . . ." U.S. Const. amend. IV. Probable cause is an absolute defense to a § 1983 claim for wrongful arrest. *See Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014). A police officer has probable cause to arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to permit a prudent person to believe that the suspect had committed, is committing, or is about to commit an offense. *Id.* "When an officer has received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth, . . . he has probable cause." *Gramenos v. Jewel Cos., Inc.*, 797 F.2d 432, 439 (7th Cir. 1986) (internal quotation marks and citation omitted).

To begin, the Marinette Police Department is not a 'person' for the purposes of § 1983 and therefore is not a suable entity. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, [Plaintiff] named a non-suable entity."). However, even if Plaintiff had named the police officers involved, he still would not be able to state claim because his allegations show they had probable cause to arrest him for retail theft. No facts suggest the officers had any reason to disbelieve the employee's allegations of theft against Plaintiff. As such, Plaintiff's may not proceed on a Fourth Amendment false arrest claim. Consequently, the Court finds there are no factual allegations in the complaint that support a violation of federal law to give rise to federal question jurisdiction. *See* 28 U.S.C. § 1331.

Based on the remaining defendant, the Court finds that it may not have jurisdiction to adjudicate the claim that Plaintiff has presented. "Courts . . . have an independent obligation to determine whether subject-

matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "'When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.'" *Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010) (quoting *Arbaugh*, 546 U.S. at 514).

It appears from the complaint that Plaintiff is bringing a state law claim for defamation against Walmart based on the statements made to law enforcement regarding the retail theft. Under Wisconsin law, the elements of defamation include a false statement to a person other than the person defamed that is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her. *In re Storms v. Action Wis. Inc.*, 2008 WI 56, ¶ 37, 750 N.W.2d 739. Statements made to law enforcement officers "fall within the ambit of conditionally privileged statements, provided, however, that the damaging remarks are made in good faith without malice." *Bergman v. Hupy*, 221 N.W.2d 898, 901 (Wis. 1974) (quoting *Lisowski v. Chenenoff*, 155 N.W.2d 619, 628 (Wis. 1968)).

Here, the statements made may be conditionally privileged because nothing in the complaint suggests the Walmart employee made the statement to police in the absence of good faith. More importantly, the complaint does not contain an amount in controversy to suggest diversity jurisdiction would be applicable. Federal jurisdiction exists where the

Page 5 of 9
Case 2:25-cv-00257-JPS    Filed 08/05/25    Page 5 of 9    Document 16

controversy is between citizens of different States, and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The complaint also contains no facts regarding Walmart's citizenship or the employee's citizenship to suggest that the parties are diverse. As such, the Court does not discern any facts in the complaint showing that the Court has diversity jurisdiction over Plaintiff's defamation claim.

The Court will allow Plaintiff to file an amended complaint on or before **August 26, 2025** to cure the jurisdictional issues identified in this Order. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his federal rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaints and must be

complete in itself without reference to the prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

### 3. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment, ECF No. 9, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to reduce the IPFF, ECF No. 15, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the complaint fails to state a federal claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **August 26, 2025**. If Plaintiff files an amended complaint by the deadline, the Court will screen that complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case without prejudice based on a lack of subject-matter jurisdiction;

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from her institution trust account the $317.37 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with her remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.